FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEY DEON JIMERSON,<br><br>PLAINTIFF(S)<br>v.<br><br>MDA CAPITAL, INC.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV 12-10318-UA (DUTYx)<br><br>ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____          _____
Date                                                                    United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency         ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous     ☐ Immunity as to _____
☒ Other: _Failure to state a claim upon which relief may be granted.  See 28 U.S.C. §1915(e)(2)(B)(ii)._

Comments:

    On December 3, 2012, Plaintiff lodged a complaint and filed a Request to Proceed In Forma Pauperis. (Cont. Page 2.)

January 10, 2013                                                    /s/ Alicia G. Rosenberg
Date                                                                    United States Magistrate Judge

---

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
    ☐ GRANTED          ☒ DENIED (See comments above).

1/16/13
Date                                                                    United States District Judge

Jimerson v. MDA Capital, Inc.
CV 12-10318-UA (DUTYx)
Page 2

  Plaintiff alleges that Defendant violated the Fair Credit Reporting Act by making an "unauthorized inquiry" in violation of 15 U.S.C. § 1681b(3)(A).[1] (Complaint at 4 & ¶ 12.)

  According to Plaintiff, he received a copy of his Equifax credit report on February 9, 2012.[2] On the report, Plaintiff noticed an "unauthorized inquiry" by Defendant made on August 7, 2011.[3] (*Id.* ¶ 12.) Plaintiff alleges that Defendant did not have a "[]permissible purpose in requesting the consumer credit report" and that Plaintiff incurred an "[a]dverse action" as a result of the entry. (*Id.* ¶ 19.) Plaintiff alleges that Defendant is not a "verifiable creditor," nor was it engaged by a verifiable creditor. (*Id.* ¶ 14.)

  The list of inquiries on the Equifax report states that these inquiries "do not impact your credit rating." Moreover, the designation "PRM" before the Defendant's entry states that Equifax provided only Plaintiff's "name and address . . . so [Defendant] can provide you a firm offer of credit or insurance." (Complaint, Ex. A.)

  Creditors may obtain a consumer report without the consumer's consent as long as the purchaser intends to give the consumer a "firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i);[4] *see also Poehl v. Countrywide Home Loans*, 528 F.3d 1093, 1096 (8th Cir. 2008 ("Congress amended FCRA in 1996 to permit creditors to purchase prescreened lists of consumers who meet the creditor's specific criteria without the consumers' consent as long as the purchaser intends to give the consumer a 'firm offer of credit.'") (citation omitted); *Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, *3 (E.D. Cal. 2011).

  Accordingly, Plaintiff fails to state a claim.

---

 [1] The statutory section cited by Plaintiff does not exist. 15 U.S.C. § 1681b is broken down first into subsections (a), (b), etc.

 [2] Plaintiff attaches a partial print-out of a page from Equifax's website, which he identifies as his consumer report. (Complaint, Ex. A.)

 [3] There is no entry for August 7, 2011. The court assumes Plaintiff means the entry dated September 7, 2011. (Complaint, Ex. A.)

 [4] Plaintiff does not allege that he notified Equifax that it should not provide his name and address in response to such inquiries. *See* 15 U.S.C. § 1681b(e).